## W. C. BAINES et ux., vs. W. R. BAKER.

### SUPREME COURT, TYLER TERM, 1883.

*Homestead—Sale to wife by husband—If bona fide, valid—If simulated, not.—*B. con -
veyed to his wife the homestead; afterwards they acquired another homestead. The
first was levied upon and sold under a judgment and execution against the husband.
In a suit for the land, *held,* That if the property was homestead at the time of the
conveyance, the true issue would be  as to  whether the  same was  intended to and
did pass the title to the wife, or whether it was simulated, or colorable.

In the first instance the conveyance would be valid as to existing creditors, for the
reason that the property being exempt from forced sale, the conveyance did not
take from their reach any property that they could subject to their claims.   But

in the second instance the title in fact would still be in the grantor, and when disrobed of its homestead character by abandonment or otherwise it would be subject to seizure and sale for his debts.

See charge held erroneous.

Appeal from Collin County.

*W. O. Davis* for appellant.

*Hare & Head* for appellee.

STATEMENT.

Appellee, Baker, brought this suit against Baines and wife, in the district court of Denton county, to recover the land described in the petition, on June 19th 1873; the case was subsequently removed by change of venue to the district court of Collin county.

Baker claimed the land by virtue of a judgment against W. C. Baines, in favor of John D. Scott & Co., for $416.50 rendered April 5th 1871, and alias execution, sale, and sheriff's deed dated March 10th 1873. Mrs. Catharine Baines, one of the appellants, claims the land by virtue of a deed of conveyance from W. C. Baines to her, dated November 11th 1872, it is also claimed that at and for a long time prior to that conveyance the land was the homestead of Baines and his wife, and that she purchased it and paid him an adequate and valuable consideration therefor. Appellee claims that this pretended sale and conveyance was colorable, made to hinder, delay and defraud creditors, and that about the 15th day of Nov. 1872, Baines and wife had abandoned the property as a homestead, and had acquired another prior to the levy and sale.

A trial was had June 16th 1877, and resulted in a verdict and judgment for appellee.

The errors relied on for a reversal of the judgment are in the charge of the court, the second paragraph of which is as follows :

"If you believe from the evidence that W. C. Baines and wife resided on said land as their homestead prior to the 11th day of November, A. D. 1872, and the said W. C. Baines sold and conveyed said land to his wife in good faith, and received therefor a valuable consideration, out of her separate property, then said land would not be liable to levy and sale, and you will find for defendants."

The third and sixth paragraphs are as follows :

"3rd. On the contrary if you believe from the evidence that W. C. Baines made a voluntary conveyance of said land to his wife, while it was a homestead, and that said conveyance was simulated and colorable, and said Baines and wife afterwards and before the levy and sale of said premises by the sheriff of Denton county, as heretofore stated, moved off of said land with the intention of permanently abandoning it, and acquiring another homestead for the purpose of hindering, delaying or defrauding the creditors of the said W. C. Baines, then said conveyance was void as to such creditors, and you will find for the plaintiff."

"6th. If the jury believe from the evidence, that the said W. C. Baines sold and transferred said land to his wife, as heretofore stated,

and that he received a valuable consideration therefor out of the separate property of his wife, yet if you believe that said transaction was colorable and made to defraud the creditors of W. C. Baines, as heretofore stated, said conveyance would be void as to the existing creditors of said Baines."

Opinion by Watts, J.

This, though in form an action of trespass to try title, is in effect a proceeding to vacate and annull a conveyance from Baines to his wife, of property claimed at that time to be their homestead, on the ground that it was made to hinder, delay and defraud his creditors.

As indicated by the charge the court seems to have treated the case as one coming within the operation of the statute of frauds.

If, as claimed, the property was their homestead at the time of the conveyance, then the true issue would be as to whether the same was intended to and did pass the title as between the parties to it, or whether it was simulated and not intended to pass the title. In the first instance the conveyance would be valid as to existing creditors, for the reason that the property being exempt from forced sale, the conveyance did not take from their reach any property that they could subject to their claims. But in the second instance the title in fact would still be in the grantor, and when disrobed of its homestead character by abandonment or otherwise it would be subject to seizure and sale for his debts.

Wood vs. Chambers 25th Tex. 254; Cox vs. Shropshire 25th Tex. 123 and 124; Martel vs. Somers 26th Tex. 554.

It seems from the charge that the court considered that the statute of frauds was applicable to the case, and instructed the jury upon that view of the law. In Cox vs. Shropshire it is said : "A conveyance of property which is exempt by law from execution or forced sale, cannot be a fraud sale upon creditors. Such a conveyance is not within the purview of the statute of frauds."

If as claimed the property was at the time of the conveyance their homestead, and that the conveyance simulated and that is was not intended by the parties that title should pass, but merely to enable Mrs. Baines to hold it as ostensible owner, after it had lost its homestead character by abandonment, and in that way secure it to Baines as against his creditors, then the conveyance would be invalid as against creditors, and upon a proper showing would be annulled at their instance.

In not observing the distinction between conveyances of property exempt from forced sale, and conveyances of property subject to seizure and sale, the court erred in the instructions to the jury. And for this error it is believed that the judgment ought to be reversed and the cause remanded.

Report of commissioners of appeals examined, their opinion adopted and the judgment reversed and the cause remanded.

WILLIE, C. J.